## Lippincott v. Lippincott et al. No. 1

*E. C. Shapley Highley*, for plaintiff.
*Charles E. Kenworthey*, for defendant.
*Duane, Morris & Heckscher*, for garnishee.

LEWIS, J., May 31, 1940.—This matter comes before the court upon petition and rule to show cause why execution should not issue against a trustee garnishee for all accumulated income in its hands. Plaintiff obtained an order for support and maintenance against her husband, the defendant, in a California court. Defendant has an interest in the income of a trust fund established by his mother by deed inter vivos, which interest is limited by spendthrift provisions. The Girard Trust Company is the trustee of the fund.

In 1936 plaintiff began an action in foreign attachment in this court for the unpaid accumulations due her on the order for support and maintenance. Judgment was entered against defendant for want of an appearance, and damages were assessed in the amount of $1,961.66. On December 22, 1937, judgment was entered in favor of plaintiff against the Girard Trust Company, as garnishee. The decree entered by the court provided that execution was to be limited to one half of the income arising from the trust fund, that the lien of the attachment should continue in the future, and that no distribution was to be made by the garnishee until further order of the court. This decree was intended to conform with the provisions of the Act of May 10, 1921, P. L. 434. From time to time payments were decreed to be made on account of this judgment, each payment representing one half of the accrued income at the date of the payment. There remains at the present time a balance due plaintiff of $470.71, with interest.

Plaintiff now seeks to collect the entire balance from the accumulated income in the hands of the trustee although such balance exceeds one half of such accumulation. It is plaintiff's contention that, despite the limitation placed upon the mode of execution on this judgment by the decree entered, she has the right to collect the judgment up to 100 percent of the accrued income on hand. Plaintiff cites in support of her contention the decision of the Supreme Court in Stewart's Estate, 334 Pa. 356. That decision was reached upon facts similar to those in the immediate case. The court there pointed out that the law of Pennsylvania has declared that spendthrift trusts are against public policy as to the claim of a wife for maintenance and support (citing Moorehead's Estate, 289 Pa. 542), so that a wife may recover against the beneficial interest of a husband as though no spendthrift clause was contained in the will or deed creating it. This right ac-

crues to one who obtains an order for support in another State, by reason of the full faith and credit provisions of the Constitution. As a result of these conclusions the wife could obtain a judgment and execute upon the spendthrift trust without any limitation and, if possible, obtain full satisfaction of the judgment even though it exhausted 100 percent of the accumulations in the hands of the trustees at the time of the execution. The Supreme Court also pointed out that, by reason of the Act of May 10, 1921, P. L. 434, a wife was given an additional remedy, where a spendthrift trust was created by deed, to execute on a judgment for support upon 50 percent of the accumulations and to permit the writ to remain a continuing levy until the last payment due under such a judgment was collected with costs. The court made it clear that the two remedies do not conflict; that the Act of 1921 does not exclude the ordinary mode of execution, but affords an additional remedy. On this subject, the Supreme Court stated (pp. 365-66) :

"Since the passage of that act, a wife has, under similar circumstances as here under consideration, two remedies: first, she may, as heretofore reduce to judgment the accrued payments due her under an order, judgment or decree, execute thereon and recover such accrued payments to the extent of one hundred per cent of her husband's beneficial interest in the trust; or, second, proceed under the Act of 1921, where the order, decree or judgment allowing her support requires 'payments of stated sums at stated intervals,' and levy or attach but fifty per cent of her husband's interest and such writ 'shall remain a lien and continuing levy until the last payment due under such order, decree or judgment has been made, with costs.' Mrs. Stewart, having proceeded under the first of these remedies, as an ordinary creditor, she may reach one hundred per cent of the beneficial interest of her husband in the trust, but she can recover her claim only in

so far as it has accrued. However, had she proceeded under the Act, she could have reached only fifty per cent of the income of the trust but her entire claim, whether accrued or not, would have become a continuing lien against the trust until it had been fully satisfied."

Defendant contends that it is too late to attack the decree since the time for appeal has passed. The error in this contention is that plaintiff is not attacking the judgment, but is pointing out to the court that the law allows her an additional method of execution for collecting the judgment. The limitation placed on the right of execution by the original decree was in keeping with this court's interpretation of the effect of the Act of 1921. The decision in Stewart's Estate rules that the Act of 1921 was not intended as an exclusive mode of execution, and that the ordinary method of execution is also available. It was not our intention in the decree to deprive plaintiff of any rights of execution which the law allows. The judgment itself is res adjudicata, but the manner of execution has remained at all times under the control of the court. Each new execution has been made by separate decree as the income accrued. Plaintiff now wishes to use a different method of execution, which the law permits as an alternative to the method which was previously followed.

The prayer of the present petition is that the decree limiting the execution "be modified so as to permit plaintiff to have execution immediately and thereafter from time to time to the exent of 100 percent of the net income as it currently accrues, etc." Plaintiff, in effect, is electing to surrender her present lien under the Act of 1921 so that she may levy a new execution in the ordinary way. This is her privilege.

However, we cannot modify the former decree, to permit execution up to 100 percent, since the decree depends for its validity on the Act of 1921, which limits

the execution to 50 percent. The fund cannot be held under the act and at the same time be reached by ordinary execution. With the present execution terminated, plaintiff would then have the right to issue a writ to execute in the ordinary manner, which writ, when served, will attach 100 percent of such income as may then be found in the hands of the trustee.

Being unable for the reasons stated to modify the decree as prayed for by plaintiff, the petition is dismissed, without prejudice to plaintiff's right, if she so desires, to discontinue the present attachment, and to issue a new attachment under the general law relating to such executions.